**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| KAREN JONES-HAYES,<br><br>    Plaintiff,<br><br>      v.<br><br>THOMAS J. DART in his official capacity<br>as Sheriff of Cook County; BRAD CURRY, in<br>his individual capacity; and<br>COOK COUNTY, as indemnitor,<br><br>    Defendants. | Case No. 20-cv-00622 |

## COMPLAINT FOR RACE DISCRIMINATION AND CONSTITUIONAL DEPRIVATIONS

KAREN JONES-HAYES ("Plaintiff" or "JONES-HAYES"), by her attorney, Cass Thomas Casper, Esq., TALON LAW, LLC, complains as follows against THOMAS J. DART, Sheriff of Cook County, in his official capacity, BRAD CURRY, in his individual capacity, and the COUNTY OF COOK, as indemnitor.

## NATURE OF THE CASE

1. JONES-HAYES is a black female Superintendent at the Cook County Department of Corrections ("CCDOC").

2. JONES-HAYES has dedicated her life and career to service at the CCDOC, holding every uniformed rank and multiple leadership positions since she first began her career there 28 years ago.

3. In July 2018, the CCDOC posted a vacancy announcement for the position of CCDOC Executive Director, a position for which JONES-HAYES met every single minimum and preferred qualification.

4. JONES-HAYES applied for the Executive Director position after it was posted in July 2018.

5. Shortly after JONES-HAYES submitted her application, Defendant BRAD CURRY

("CURRY") (white, male), issued her a 30-day suspension, effective September 14, 2018.

6. CURRY then selected Amanda Gallegos, a 27-year old non-black female, for the position of Executive Director of CCDOC, despite that Gallegos had never worked at CCDOC, had never worked as a uniformed officer in a correctional facility, had little relevant experience, and did not meet the qualifications for the Executive Director position as JONES-HAYES did.

7. CURRY was at all times fully aware that JONES-HAYES was the most qualified candidate for the Executive Director position.

8. To avoid having to select JONES-HAYES for the position, CURRY issued her a 30-day suspension based on sham, trumped-up, and targeted allegations that an employee in her division was committing time theft.

9. CURRY issued JONES-HAYES the suspension in order to disqualify her from the promotion / appointment to Executive Director because she is black.

10. At all times, CURRY targeted JONES-HAYES for the disciplinary suspension based upon his anti-black animus, including anti-black stereotypes of black females as being forceful in manner and speech, because he did not want a black female such as JONES-HAYES to become Executive Director of CCDOC.

11. JONES-HAYES was never even listed as a witness, accused, or referenced at all in the Complaint Register on the basis of which CURRY suspended her, and non-black staff members such as Lieutenant Jose Barajas (LatinX/male) and Superintendent Erica Queen (white/female) were referenced in the OPR report as having knowledge of the employee's time theft, and were issued no discipline whatsoever.

12. Indeed, Barajas was the employee's direct supervisor and admitted to having knowledge that she was improperly using and recording time, but he was not disciplined at all.

2

13. CURRY, in order to prevent a highly-qualified, highly-decorated, and extremely-qualified black female from becoming Executive Director of CCDOC, undercut JONES-HAYES by targeting her with this sham suspension.

**JURISDICTION AND VENUE**

14. Jurisdiction of this court arises under 28 U.S.C. §§ 1331, 28 U.S.C. § 1343, Title VII, 42
    U.S.C.
§2000e, *et seq.*, and 42 U.S.C. § 1983 and the Equal Protection and Due Process Clauses of the Fourteenth Amendment of the United States Constitution.

15. This Court has jurisdiction to award attorney's fees under 42 U.S.C. § 1988 and under Title VII.

16. This Court has supplemental jurisdiction over the pendent state law claim pursuant to 28 U.S.C. § 1367(a) because the state law claim is so related to the other claims that it forms part of the same case.

17. Venue is proper under 28 U.S.C. § 1391 because the events or omissions giving rise to the claims herein have occurred in this district, and because Defendants maintain places of operation within this District.

**PARTIES**

18. Plaintiff is a legal adult who resides in this judicial district.

19. The SHERIFF is a legal adult and the duly-elected Sheriff of Cook County.

20. Defendant SHERIFF has harmed Plaintiff in Cook County, Illinois.

21. Defendant SHERIFF is a final policymaker for the Cook County Sheriff's Office by law under the Illinois Constitution (Article VII, Section 4(c)), and the Illinois Counties Code, 55 ILCS 5/3-6001, *et seq*.

3

22. Defendant SHERIFF is sued in his official capacity only for purposes of the Title VII and Illinois Human Rights Act counts.

23. Defendant CURRY is a legal adult and has been, at all times relevant, Bureau Chief Defendant Thomas J. Dart.

24. CURRY is responsible for oversight and policymaking for all three major operational divisions of the Sheriff's Office, including the CCDOC where Plaintiff is a Superintendent.

25. Defendant CURRY is sued in his individual capacity only.

26. At all times, CURRY has acted under color of law.

27. Defendant COUNTY is a unit of local government and responsible by law to pay Plaintiff's salary and benefits.

28. Defendant COUNTY has indemnification obligations for wrongful acts committed by its officials or employees, including those of Defendant SHERIFF. *See* 745 ILCS §§ 10/1-202 and 9-102.

29. COOK COUNTY is named in its capacity as local government entity for purposes of indemnification of the other Defendants.

## **EXHAUSTION**

30. On February 7, 2019, Plaintiff JONES-HAYES filed a charged of race discrimination with the EEOC. A true and correct copy of that Charge is attached in Group Exhibit 1.

31. On October 30, 2019, the EEOC mailed Plaintiff a right-to-sue letter, which she received on or about December 6, 2019.[1] A true and correct copy of the right-to-sue letter is attached in Group Exhibit 1.

---

[1] The date of mailing on the right-to-sue letter is noted as October 30, 2019, but the EEOC file-stamp on the letter is November 13, 2019. Plaintiff alleges that she did not receive the letter until on or about December 6, 2019. Either way, Plaintiff files this suit within 90 days of October 30, 2019.

32. Plaintiff timely files this Complaint within 90 days of both December 6, 2019 and October 30, 2019.

33. The administrative process and all prerequisites to the filing of this lawsuit have been exhausted.

## FACTS COMMON TO ALL COUNTS

34. Plaintiff has been employed as a Superintendent with the Cook County Department of Corrections since in or about July 2016.

35. Plaintiff has worked nearly every rank and position under that of Superintendent and has a total of 28 years of service with the CCDOC.

36. Plaintiff is an African-American female.

37. At all times, Plaintiff has met the legitimate expectations of her positions and performed her job as Superintendent satisfactorily.

38. On or about June 5, 2018, JONES-HAYES applied to the position of Executive Director of the CCDOC.

39. JONES-HAYES at all times, including as of July 2018, met and possessed the requisite qualifications, education, certifications, and work experience for the position of Executive Director.

40. *Inter alia*, JONES-HAYES possesses a Bachelor's degree, a Master's degree, and is currently in a program that will lead to a doctoral degree.

41. JONES-HAYES has worked in nearly every division and unit of the CCDOC, including in supervisory positions, and has wide-ranging knowledge and experience in CCDOC operations, expectations, policies, procedures, and practices, and has a lifetime's worth of knowledge of the day-to-day realities of the CCDOC.

42. JONES-HAYES is highly-respected by both commanding and rank-and-file officers in the

CCDOC.

43. JONES-HAYES has, throughout her career, received nearly perfect performance evaluations, and has never so much as been written up for an infraction, except for the events detailed herein.

44. After JONES-HAYES applied for Executive Director position, her Bureau Chief, Defendant CURRY – a white male --, issued JONES-HAYES a sham 30-day suspension based on frivolous, unprecedented and targeted allegations.

45. At all times, CURRY was the decisionmaker as to both JONES-HAYES' 30-day suspension, and the selection of the next Executive Director.

46. The allegations were that JONES-HAYES failed to properly supervise Correctional Officer Tiffany Harris ("Harris"), who was using an Administrative Assistant's computer password to change her own time and benefit time entries.

47. However, nearly every Superintendent at CCDOC assigns a Correctional Officer to track officer time and benefit time entries, and the practice of an officer utilizing a password of an Administrative Assistant for such purpose has been ongoing for years and throughout the compound.

48. So too, the Office of Professional Review found that Harris started using Lieutenant Jose Barajas' password for such purpose in September 2017 with Barajas' knowledge and consent, and, yet, Barajas was not disciplined at all.  Barajas is Hispanic/non-Black and was Tiffany Harris' supervisor.

49. Defendant CURRY issued JONES-HAYES the 30-day suspension in order to ensure that JONES-HAYES would be disqualified from the position of Executive Director because of her race (Black), and so that Defendant CURRY could ensure that a non-Black candidate would be awarded the position.

50. The 30-day suspension was issued against JONES-HAYES based on sham allegations, while

6

a non-black staff member, Barajas, was fully aware that Harris' was using an Administrative Assistant's password and fully aware that Harris' was entering her own comp and benefit time into the system.

51. Superintendent Erica Queen, a white female, was also aware and had previously approved of Harris utilizing her own compensatory time at the start of her shift, but Erica Queen was at no time disciplined as a result.

52. So too, JONES-HAYES was never even mentioned in the OPR Complaint Register filed regarding the Tiffany Harris matter.

53. Defendant CURRY deprived JONES-HAYES of 30-days of salary and benefits, and denied her a promotional opportunity, without giving her any process whatsoever to defend herself against the allegations.

54. The Executive Director position was ultimately awarded to the CCDOC's current Executive Director, Amanda Gallegos ("Gallegos"), who is LatinX / non-Black.

55. At all times, Gallegos was less qualified for the position of Executive Director than JONES-HAYES at least because:

   a. Gallegos has never worked in any uniformed, sworn position in any correctional facility;

   b. Gallegos at the time of her appointment was believed to be at or around 27 years-old, an unprecedented age for someone to hold the highest leadership position at CCDOC;

   c. Gallegos had never worked at CCDOC or for Cook County; and,

   d. On information and belief, Gallegos' educational background is in psychology, not corrections, criminal justice, administration, or other relevant fields.

## COUNT 1: TITLE VII CIVIL RIGHTS VIOLATION BASED ON
## RACE AND RACIAL STEREOTYPING
(Plaintiff v. Defendant Sheriff and Cook County)

56. Plaintiff restates, realleges, and incorporates by reference in this Count all other paragraphs of this Complaint.

57. Plaintiff is a member of a protected class, *to wit*, she is African-American and Black.

58. Plaintiff was at all times performing her job to the legitimate expectations of the Defendant Sheriff.

59. Plaintiff at all times met the minimum and preferred qualifications for promotion / appointment to the position of Executive Director of the CCDOC, and was otherwise qualified for such position.

60. Defendant denied Plaintiff the promotion / appointment to Executive Director of the CCDOC in favor of someone outside of Plaintiff's protected class who was less qualified for the position than Plaintiff, *to wit*, Amanda Gallegos, a 27-year old LatinX / non-Black female.

61. Defendant's proffered reason for not selecting Plaintiff for promotion / appointment to Executive Director of CCDOC was that CURRY issued Plaintiff the 30-day suspension noted above.

62. Defendant's proffered reason is a pretext for discrimination because the 30-day suspension was itself issued because of Plaintiff's race, because same was not given to similarly-situated persons Queen (white) and Barajas (LatinX), Plaintiff was never named in the Complaint Register, Plaintiff was only issued the 30-day suspension by CURRY after she applied for the CCDOC Executive Director position, and Plaintiff fundamentally had nothing to do with the allegations in the Complaint Register.

63. Defendant denied Plaintiff the promotion / appointment to CCDOC Executive Director, and

suspended her for 30-days, because of her race (African-American and Black) and racial stereotypes surrounding Black females, *to wit*, forceful and commanding in manner and speech.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against all Defendants, and order Defendants to pay to Plaintiff all benefits Plaintiff would have received but for the Defendant's race discrimination, including pre-judgment interest; compensatory damages in an amount to be determined at trial; back pay to the extent of the wage/salary and benefits differential between Plaintiff's position and that of CCDOC Executive Director; a permanent injunction enjoining Defendant from engaging in the discriminatory practices complained of herein; that this Court retain jurisdiction of this case until such time as it is assured that Defendant has remedied the policies and practices complained of herein and is determined to be in full compliance with the law; damages for actual emotional distress caused by the Defendant Sheriff's actions and omissions; an injunction requiring that the Defendant's expunge Plaintiff's record of all references to the 30-day suspension and from Tiffany Harris' discipline; an award of reasonable attorney's fees, costs, and litigation expenses; and, such other relief as this Court may deem just or equitable.

## COUNT 2: ILLINOIS HUMAN RIGHTS ACT VIOLATION BASED ON RACE
### (Plaintiff v. Defendant Sheriff and Cook County)

64. Plaintiff restates, realleges, and incorporates by reference in this Count all other paragraphs of this Complaint.

65. Plaintiff is a member of a protected class, *to wit*, she is African-American and Black.

66. Plaintiff was at all times performing her job to the legitimate expectations of the Defendant Sheriff.

67. Plaintiff at all times met the minimum and preferred qualifications for promotion / appointment to the position of Executive Director of the CCDOC, and was otherwise qualified for such position.

9

68. Defendant denied Plaintiff the promotion / appointment to Executive Director of the CCDOC in favor of someone outside of Plaintiff's protected class who was less qualified for the position than Plaintiff, *to wit*, Amanda Gallegos, a 27-year old LatinaX female.

69. Defendant's proffered reason for not selecting Plaintiff for promotion / appointment to Executive Director of CCDOC was that CURRY issued Plaintiff the 30-day suspension noted above.

70. Defendant's proffered reason is a pretext for discrimination because the 30-day suspension was itself issued because of Plaintiff's race, because same was not given to similarly-situated persons Queen (white) and Barajas (Hispanic), Plaintiff was never named in the Complaint Register, Plaintiff was only issued the 30-day suspension by CURRY after she applied for the CCDOC Executive Director position, and Plaintiff fundamentally had nothing to do with the allegations in the Complaint Register.

71. Defendant denied Plaintiff the promotion / appointment to CCDOC Executive Director, and suspended her for 30-days, because of her race (African-American and Black) and racial stereotypes surrounding Black females, *to wit*, forceful and commanding in manner and speech.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against all Defendants, and order Defendants to pay to Plaintiff all benefits Plaintiff would have received but for the Defendant's race discrimination, including pre-judgment interest; compensatory damages in an amount to be determined at trial; back pay to the extent of the wage/salary and benefits differential between Plaintiff's position and that of CCDOC Executive Director; a permanent injunction enjoining Defendant from engaging in the discriminatory practices complained of herein; that this Court retain jurisdiction of this case until such time as it is assured that Defendant has remedied the policies and practices complained of herein and is determined to be in full compliance with the law; damages for actual emotional distress caused by the Defendant Sheriff's actions and

omissions; an injunction requiring that the Defendant's expunge Plaintiff's record of all references to the 30-day suspension and from Tiffany Harris' discipline; an award of reasonable attorney's fees, costs, and litigation expenses; and, such other relief as this Court may deem just or equitable.

## COUNT 3: 42 U.S.C. § 1983 DEPRIVATION OF FOURTEENTH AMENDMENT RIGHT TO EQUAL PROTECTION DUE TO RACE DISCRIMINATION
### (Plaintiff v. Defendants Curry and Cook County)

72. Plaintiff restates, realleges, and incorporates by reference in this Count all other paragraphs of this Complaint.

73. At all times, Defendant CURRY was acting under color of law by virtue of his position as Bureau Chief and his control over the operations of the CCDOC.

74. Plaintiff is a member of a protected class, *to wit*, she is African-American and Black.

75. Plaintiff brings this Count not as a class-of-one count, but as a suspect classification Equal Protection claim based on her race.

76. Plaintiff was at all times performing her job to the legitimate expectations of the Defendant Sheriff.

77. Plaintiff at all times met the minimum and preferred qualifications for promotion / appointment to the position of Executive Director of the CCDOC, and was otherwise qualified for such position.

78. Defendant denied Plaintiff the promotion / appointment to Executive Director of the CCDOC in favor of someone outside of Plaintiff's protected class who was less qualified for the position than Plaintiff, *to wit*, Amanda Gallegos, a 27-year old LatinaX female.

79. Defendant's proffered reason for not selecting Plaintiff for promotion / appointment to Executive Director of CCDOC was that CURRY issued Plaintiff the 30-day suspension noted above.

80. Defendant's proffered reason is a pretext for discrimination because the 30-day suspension

was itself issued because of Plaintiff's race, because same was not given to similarly-situated persons Queen (white) and Barajas (LatinX), Plaintiff was never named in the Complaint Register, Plaintiff was only issued the 30-day suspension by CURRY after she applied for the CCDOC Executive Director position, and Plaintiff fundamentally had nothing to do with the allegations in the Complaint Register.

81. Defendant denied Plaintiff the promotion / appointment to CCDOC Executive Director, and suspended her for 30-days, because of her race (African-American and Black) and racial stereotypes surrounding Black females, *to wit*, forceful and commanding in manner and speech.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against all Defendants, and order Defendants to pay to Plaintiff all benefits Plaintiff would have received but for the Defendant's race discrimination, including pre-judgment interest; compensatory damages in an amount to be determined at trial; back pay to the extent of the wage/salary and benefits differential between Plaintiff's position and that of CCDOC Executive Director; a permanent injunction enjoining Defendant from engaging in the discriminatory practices complained of herein; that this Court retain jurisdiction of this case until such time as it is assured that Defendant has remedied the policies and practices complained of herein and is determined to be in full compliance with the law; damages for actual emotional distress caused by the Defendant Sheriff's actions and omissions; an injunction requiring that the Defendant's expunge Plaintiff's record of all references to the 30-day suspension and from Tiffany Harris' discipline; an award of reasonable attorney's fees, costs, and litigation expenses; and, such other relief as this Court may deem just or equitable.

## COUNT 4: 42 U.S.C. § 1983 DEPRIVATION OF FOURTEENTH AMENDMENT RIGHT TO PROCEDURAL DUE PROCESS AS TO PLAINTIFF'S 30-DAY SUSPENSION
### (Plaintiff v. Defendants Curry and Cook County)

82. Plaintiff restates, realleges, and incorporates by reference in this Count all other paragraphs

of this Complaint.

83. At all times, Plaintiff had a protected property interest in her position as Superintendent of CCDOC, as an employee of the CCDOC, as well as her last merit rank of Correctional Lieutenant.

84. Plaintiff's protected property interest arises from her being an employee of the CCDOC, being a Superintendent of the CCDOC as well as from her merit rank of Correctional Lieutenant pursuant to the Cook County Sheriff's Merit Board Act, 55 ILCS 5/3-7012, providing in pertinent part that "no employee in the Cook County Department of Corrections shall be removed, demoted or suspended except for cause, upon written charges filed with the Board by the Sheriff and a hearing before the Board thereon. . ."

85. Plaintiff's protected property interest also arises from her having completed her probationary period as Superintendent in CCDOC.

86. Plaintiff's protected property interest also arises from her being subjected to a progressive disciplinary procedure outlined in the Sheriff's Employment Action Manual and Lexipol policies.

87. CURRY issued Plaintiff the 30-day suspension without providing her any means to challenge the suspension, without a hearing, and without notice and an opportunity to be heard as to the suspension.

88. CURRY deprived Plaintiff of her right to pre-deprivation procedural due process by depriving Plaintiff of 30-days of salary and benefits constituting a protected property interest without providing Plaintiff any pre-deprivation or post-deprivation due process whatsoever.

89. Neither CURRY nor Sheriff DART submitted written charges to the Cook County Sheriff's Merit Board pursuant to 55 ILCS 5/3-7012 prior to suspending Plaintiff without pay.

90. CURRY did not provide any other procedural due process outside of the Merit Board in which Plaintiff could challenge her suspension.

91. Plaintiff is entitled to a hearing on the 30-day suspension. *See Dargis v. Sheahan*, 526 F.3d 981, 989-90 (7th Circ. 2008) (J. Pallmeyer).

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against all Defendants, and order Defendants to submit Plaintiff's 30-day suspension to a hearing before the Cook County Sheriff's Merit Board; to rescind her suspension and make-her whole; to pay reasonable attorney's fees, costs, and litigation expenses. Plaintiff additionally prays that this Court provide such other relief as it deems just or equitable.

## COUNT 5: INDEMNIFICATION
(Plaintiff v. Defendant Cook County)

92. Plaintiff restates, realleges, and incorporates by reference in this Count all other paragraphs of this Complaint.

93. Illinois statute provides that a local public entity such as Cook County is obligated to assume financial responsibility for the actions committed by its officials or employees, such as the Sheriff and all of the individual Defendants named herein, and to pay judgments against such individuals. *See, e.g.,* 745 ILCS §§ 10/2-301, 2-302, 9-102.

WHEREFORE, Plaintiff requests that this Court enter a judgment in her favor and against Defendants, and order that Defendant County assume financial responsibility for the actions and/or omissions committed by the Defendants SHERIFF and CURRY and make Plaintiff whole in all ways with pre-judgment interest.

## CONCLUSION

For the foregoing reasons, Plaintiff prays that this Honorable Court find in her favor on all Counts herein, and that the Court enter and order the relief sought in this Complaint.

## JURY DEMANDED

14

Respectfully submitted,

**KAREN JONES-HAYES**

*s/ Cass T. Casper*

By:_____
   Plaintiff's Attorney

Dated:  January 28, 2020

*Cass T. Casper, Esq.*
TALON LAW, LLC (#63049)
105 West Madison Street, Suite 1350
Chicago, Illinois 60602
P: (312) 351-2478
F: (312) 276-4930
E: ctc@talonlaw.com

15

EEOC Form 161 (11/16)          U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION          GROUP EXHIBIT 1

## DISMISSAL AND NOTICE OF RIGHTS

| To: Karen Jones-Hayes<br>c/o Cass Casper<br>TALON LAW, LLC<br>79 West Monroe Street, Suite 1213<br>Chicago, IL 60603 | From: Chicago District Office<br>230 S. Dearborn<br>Suite 1866<br>Chicago, IL 60604<br><br>RECEIVED EEOC<br>NOV 1 3 2019<br>CHICAGO DISTRICT OFFICE |
|---|---|

| ☐ | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2019-04285 | Alison Fisher,<br>Investigator | (312) 872-9654 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

| ☐ | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
|---|---|
| ☐ | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| ☐ | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| ☐ | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| ☒ | The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. |
| ☐ | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| ☐ | Other *(briefly state)* |

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred** more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

_____          10/30/19
Julianne Bowman,                                    *(Date Mailed)*
District Director

Enclosures(s)

cc:     OFFICE OF THE SHERIFF COOK COUNTY
        c/o Katherine Christy
        Assistant General Counsel
        Richard J. Daley Center
        50 W. Washington, Room 704
        Chicago, IL 60602

GROUP EXHIBIT 1

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To | Agency(ies) Charge No(s) |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 440-2019-04285 |
| | | and EEOC |

| State or local Agency, if any | | |

Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth
Ms. Karen Jones-Hayes (represented by Cass T. Casper, TALON LAW) | (708) 914-4070 | Over 18

Street Address — City, State and ZIP code
15129 Naughton Dr., South Holland, IL 60473 (Complainant); 79 W. Monroe St., Ste. 1213 Chicago, IL 60603 (Attorney Cass T. Casper)

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Cook County Sheriff's Department | 15+ | (312) 603-6444 |

Street Address — City, State and ZIP Code
50 W. Washington St. #704, Chicago, IL 60602

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | 15+ | |

Street Address — City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate boxes)

☒☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest — Latest
Within 300 days

☒☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

My name is Karen Jones-Hayes and at all times relevant I have been a Superintendent with the Cook County Sheriff's Office within the Department of Corrections since on or about July 2016. I am an African-American and Black female and I have 28 years of work experience with the Cook County Department of Corrections, holding every uniformed rank within that time. On or about June 5, 2018, I applied for the position of Executive Director with the Cook County Department of Corrections (Job Number: 00121758) I met and possessed the qualifications, education, certifications and licenses, and work experience for the position of Executive Director, including a Bachelor's Degree, a Master's Degree, and current enrollment in a program leading to a Doctoral Degree. Following the submission of my application, Bureau Chief Brad Curry (White) issued me a 30-day suspension that ultimately led to my disqualification from the Executive Director position. I have never been so disciplined in my entire career with the Sheriff's Office. Curry then picked a White female applicant from the State of Illinois who had no prior law enforcement experience, no prior law enforcement experience, and who was less qualified than I am to work as Executive Director. The 30-day suspension was based on bogus allegations and on an investigation for which neither he nor anyone from the Sheriff's Office ever interviewed me and that was not conducted in accordance with SEAM Article V / other applicable SEAM Articles. I had no knowledge of my suspension until it was served on me on or about March 17, 2019, which was just days before the new White Executive Director appeared on the compound. I had no knowledge of her selection, my disqualification, or my disciplinary suspension until on or about March 2019 when this all happened at once. I believe I have been discriminated against because of my race (African-American and Black) in violation of the Civil Rights Act and Title VII through the denial of the promotion and the sham discipline in favor of a White female who was less qualified than I am to hold the Executive Director position.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 4-22-19 — Date — Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |